IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| SANDRINI SCOTT, Individually and as Personal Representative of the Estate of Decedent FABIAN AVERY, III,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF PELHAM, GEORGIA, through DOUG WESTBERRY, CITY MANAGER; PELHAM POLICE DEPARTMENT, through CHIEF NEALIE MCCORMICK; CHRISTOPHER COX; JESSICA DAVIS; SANDRA EDWARDS; ROLAND M. BROWN, M.D.; CORRECTION MED, INC.; and MARY L. KINCAID, LPN,<br><br>    Defendants. | Filed at 11:25 A.M.<br>3/5, 20 13<br>Deputy Clerk, U.S. District Court<br>Middle District of Georgia<br><br><br>CIVIL ACTION FILE NO.<br>1:2012-CV-117(WLS) |

## CONSENT PROTECTIVE ORDER

WHEREAS, responses of Defendants City of Pelham, Pelham Police Department, Christopher Cox, Jessica Davis, Sandra Edwards, and Mary L. Kincaid, LPN, to certain requests for production of documents from Plaintiff require disclosure of confidential information, it is hereby stipulated and agreed by and between the respective parties hereto and their counsel, and ordered by the Court, that:

1. Except with the prior written consent of the designating party's attorney, or

as hereinafter provided under this Order, no confidential documents may be disclosed to any person other than the attorneys of record in this litigation who are actively engaged in the conduct of this litigation.

2. **Confidential Documents** will be marked **"confidential"** by the producing party.

3. **Permissible Disclosure.**

   A. "Confidential documents" or information contained therein may be disclosed to counsel for the parties to this action actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to experts or consultants retained by the parties, and their staff or agents; to persons with prior knowledge of the documents or confidential information contained therein, and their employees or agents; to insurers potentially providing coverage to the parties, and to their employees or agents; and to court officials or personnel involved in this litigation.

   B. This Order shall not limit the right of the parties to disclose documents, material or information to this Court and its personnel.

C. This Order shall not limit the right of the parties to disclose documents, material or information to any officer or employee of a party who reasonably needs access to such information for purposes of this action;

D. This Order shall not limit the right of the parties to disclose documents, material or information to a party's attorney(s) of record, employees of its attorneys of record, in-house counsel, and in-house legal staff involved in the litigation, including but not limited to in preparation for or as exhibits at depositions during discovery in this action, in preparation for and at trial of this action (including as exhibits published to the jury) or any appeal herein;

E. This Order shall not limit the right of the parties to disclose documents, material or information to persons retained as expert witnesses or consultants ("Expert(s)"), either by the attorneys of record in this action or by a party to assist said attorneys in the preparation for and/or at trial of this action. Disclosure of Confidential Discovery Material(s) shall only be made to an Expert where the information to be disclosed is reasonably related to the work or services to be provided by that Expert.

F. This Order shall not limit the right of the parties to disclose

documents, material or information to any witness (including former employees and/or non-party witnesses), or his/her counsel, in preparation for or during depositions. Disclosure of Confidential Discovery Material(s) or Produced Discovery Material(s) shall only be made to a witness where the information to be disclosed is reasonably related to the testimony or information to be provided by that witness. Neither a witness nor his/her counsel shall be permitted to retain a copy of the documents or materials designated "CONFIDENTIAL."

G.  This Order does not limit in any way the use or disclosure of Confidential Discovery Materials at any trial of this action; provided, however, that this Order shall be without prejudice to the rights of the parties or non-parties to apply to the Court for additional or different protection at any trial of this action or otherwise where it is deemed necessary.

4.  **Disputes as to Confidential Information.** A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. Such objection and notice must be made within 30 days of production of the Confidential Information. The written notice shall identify the information to which the objection is

made. If the parties cannot resolve the objection within thirty (30) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to, within that 30-day period, voluntarily remove the "Confidential" designation or file an appropriate motion requesting that the Court enter an order preventing or limiting disclosure. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Confidentiality Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as Confidential Information in accordance with this Confidentiality Order. In connection with a motion filed under this provision the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

If the confidential provisions of this Order become inapplicable to any Confidential Material as set out above, then the Producing Party must supply Requesting Party with copies of subject documents without the "Confidential" designation.

5. **Reproduction Prohibited.** There shall be **NO** reproduction whatsoever of confidential documents except as required in the litigation, but copies, excerpts, or summaries may be shown or given to those authorized to receive same pursuant to Paragraph 3.

6. **Return of Documents.** All confidential documents and all copies of such documents, including copies given by attorneys of record to individuals authorized by this Order, shall be returned to the designating party's attorney of record at the resolution of this litigation by settlement or adjudication.

7. **No Waiver.** The inadvertent, unintentional, or in camera disclosure of stamped confidential documents and/or information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

8. This Order is without prejudice to the right of any party to seek modification of this Order from the Court with respect to any specific material.

9. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

So ORDERED, this 4th day of ~~February~~ March, 2013.

*/s/ W. Louis Sands*
THE HONORABLE W. LOUIS SANDS
UNITED STATES DISTRICT COURT

**CONSENTED TO BY:**

                        Attorneys for Plaintiff:

                        */s/ Jay F. Hirsch*
                        **R. Timothy Morrison**
                        Georgia Bar No. 525130
                        **Jay F. Hirsch**
                        Georgia Bar No. 357185
                        **Kimberly J. Johnson**
                        Georgia Bar No. 687678
                        **M.J. Blakely**
                        Georgia Bar No. 708906

POPE, McGLAMRY, KILPATRICK,
MORRISON & NORWOOD, P.C.
3455 Peachtree Road, N.E., Suite 925
P.O. Box 191625 (31119-1625)
Atlanta, GA 30326-3243
(404) 523-7706
Fax (404) 524-1648
efile@pmkm.com

**Charles L. Webb**
Georgia Bar No. 743720
Charles L. Webb & Associates, LLC
2900 Chamblee Tucker Road, Building 1
Atlanta, GA 30341
(770) 455-1350
mrclw1@bellsouth.net

**M. Gino Brogdon, Sr.**
Georgia Bar No. 084252
Law Office of M. Gino Brogdon, Sr.
174 Walthall Street
Atlanta, GA 30316
(404) 643-2927
www.ginobrogdon.com

Attorneys for the Pelham Defendants

**FREEMAN MATHIS & GARY, LLP**

*/s/ J. Scott Rees*
**Philip W. Savrin**
Georgia Bar No. 627386
**Michael D. Flint**
Georgia Bar No. 264725
**J. Scott Rees**
Georgia Bar No. 598108

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
Telephone: (770) 818-0000
Facsimile: (770) 937-9960
psavrin@fmglaw.com

*/s/ Roland M. Brown, M.D.*
**Roland M. Brown**
Pro Se

2801 S. Main Street
Moultrie, Georgia 31768
Telephone: (229) 891-2170
Facsimile: (229) 890-3606

Attorney for Sandra Edwards

**LEE DURHAM LLC**

*/s/ Joseph P. Durham, Jr.*
**Joseph P. Durham, Jr.**
**Donald W. Lee**

9

Georgia Bar No. 443097

Post Office Box 607
Albany, Georgia 31702
Telephone: (229) 431-3036
Facsimile: (229) 431-2249